## Wilson v. National Freight & Delivery Co. et al.

*Charles L. Smyth*, for plaintiff.

*C. Brewster Rhoads*, for defendant.

*Raymond A. White*, for insurance carrier.

PER CURIAM, September 25, 1936—This is an appeal from an award by the Workmen's Compensation Board of the sum of $150 to Kathryn E. Wilson, widow of Levi B. Wilson.

After a hearing on the question presented on this appeal, the referee refused an allowance of $150 for funeral expenses. On appeal to the Workmen's Compensation Board, the finding of the referee was amended as follows: "The claimant is entitled to the payment of $150 for funeral expenses", and in the opinion of the Workmen's Compensation Board it was said: "As to the payment of $150 for funeral expenses, we cannot agree with the referee. There is nothing in the compensation act that says the claimant is not entitled to funeral expenses if the death of the decedent occurred more than 300 weeks

after the accident; therefore we are of opinion that the claimant is entitled to the payment of $150 for the funeral expenses."

The Workmen's Compensation Act of June 2, 1915, P. L. 736, sec. 301, provides, inter alia:

". . . wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such violence and its resultant effects, and occurring within three hundred weeks after the accident."

Section 3 of the Act of April 26, 1929, P. L. 829, amending section 307 of The Workmen's Compensation Act of 1915, supra, provides:

"In case of death, compensation shall be computed on the following basis, and distributed to the following persons".

Paragraph 7 of that section provides:

"Whether or not there be dependents as aforesaid, the reasonable expense of burial, not exceeding one hundred and fifty dollars, which shall be paid by the employer or insurer directly to the undertaker (without deduction of any amounts theretofore paid for compensation or for medical expenses)."

Section 301 of The Workmen's Compensation Act of 1915, supra, is not repealed, either directly or by implication, by the Act of 1929, supra.

In the instant case the accident to the decedent occurred February 6, 1929; he died June 30, 1935. There is no dispute as to these dates. It follows therefore that the death occurred more than 300 weeks after the accident and the widow is not entitled to compensation for funeral expenses.

The conclusion of law of the Workmen's Compensation Board that claimant is entitled to $150 for funeral expenses is reversed; the appeal is sustained, and judgment is here entered for defendant.

It is ordered that a copy of this opinion together with the record be remitted to the Workmen's Compensation Board.